## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THOMAS POE,

       Petitioner,                    Civil No. 5:12-CV-11390
                                         HONORABLE JOHN CORBETT O'MEARA
v.                                       UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

       Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Thomas Poe, ("Petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction of conspiracy to knowingly conduct or participate in a criminal enterprise through a pattern of racketeering activity involving the delivery of cocaine, M.C.L.A. 750.157a and M.C.L.A. 750.159i(1), knowingly conducting or participating in a criminal enterprise through a pattern of racketeering activity involving the delivery of cocaine, M.C.L.A. 750.159i(1), delivery of less than 50 grams of cocaine, M.C.L.A. 333.7401(2)(a)(iv), and conspiracy to deliver less than 50 grams of cocaine, M.C.L.A. 750.157a and M.C.L.A. 333.7401(2) (a)(iv). For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

1

## I. Background

Petitioner was convicted of the above charges following a jury trial in the

Chippewa County Circuit Court.  This Court recites verbatim the relevant facts relied

upon by the Michigan Court of Appeals, which are presumed correct on habeas review

pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir.

2009):

> The prosecution's theory of the case was that between November 2005 and
> January 11, 2007, defendant was involved in a cocaine trafficking ring with
> Derek Parks, Melissa Beaudry, Brian McDonald, Mike Causley, and Jamie
> Verwiebe, during which defendant and others regularly reserved hotel rooms
> for Parks in Sault Ste. Marie, Michigan and assisted Parks in selling cocaine.
> The evidence at trial indicated that defendant went to Toledo, Ohio to recruit
> his nephew, Derek Parks, to sell cocaine in Sault Ste. Marie. A police
> investigation was conducted during which several controlled purchases of
> cocaine were made, and the police set up surveillance of a Comfort Inn hotel
> room at which defendant and Parks were arrested on January 11, 2007.

*People v. Poe,* 2008 WL 4367494, * 1 (Mich.Ct.App. September 25, 2008).  Petitioner's

conviction was affirmed on appeal. *Id.*  Petitioner did not seek leave to appeal in the

Michigan Supreme Court[1], but did file a motion for relief from judgment, which the trial

court denied.  *People v. Thomas Poe*, No. 07-8509-FH, Opinion & Order, pp. 2-5

(Chippewa Cir. Ct. Aug. 6, 2009).  The Michigan appellate courts denied petitioner leave

to appeal. *People v. Poe*, No. 299537, (Mich.Ct.App. Oct. 29, 2010), *lv. den.* 490 Mich.

---

[1]Corbin R. Davis filed an affidavit stating that he searched the files and records of
the Michigan Supreme Court and found that Michigan Court of Appeals docket number
282806 had not been appealed to the Michigan Supreme Court. Doc # 5-19.

857; 802 N.W.2d 346 (2011); *reconsideration den*. 490 Mich. 975; 806 N.W.2d 310

(Mich. 2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

Newly discovered evidence, i.e. Derek Park's recantation of his trial
testimony implicating me, raises a reasonable probability that the outcome
of my trial would have been different had the jury been made aware of this
fact.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas

cases:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect
to any claim that was adjudicated on the merits in State court proceedings
unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or
involved an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of the
United States; or
(2)     resulted in a decision that was based on an
unreasonable determination of the facts in light of the
evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court has

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06

(2000).  An "unreasonable application" occurs when "a state court decision unreasonably

3

applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A

federal habeas court may not "issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

**A.  Actual innocence claim based on recanting trial testimony by a witness.**

Petitioner alleges that Derrick Parks testified against him at trial because the

police threatened him with at least 15 years imprisonment for dealing drugs, if he did not

cooperate.  Parks signed an affidavit which was attached to petitioner's motion for relief

from judgment that he filed with the state trial court.  Petitioner did not attach Parks'

affidavit to his petition but this Court reviewed the affidavit that petitioner attached to

his motion for relief from judgment.

In considering federal habeas petitions, a federal district court must presume the

correctness of state court factual determinations, and a habeas petitioner may rebut this

presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652,

656 (6th Cir. 2001); *Jones v. Smith*, 244 F. Supp. 2d 801, 808 (E.D. Mich. 2003); 28

U.S.C. § 2254(e)(1).  A state court's factual determination that a prosecution witness'

recantation and supporting affidavits is not credible is entitled to the presumption of

correctness in a federal habeas proceeding. *See Richardson v. Lord*, 7 Fed.Appx. 1, 2

(2nd Cir. 2001).

The trial court judge, in denying petitioner's motion for relief from judgment,

4

found that the witness did not recant his testimony until more than a year after petitioner's convictions, that petitioner had "failed to establish the veracity nor the falsity of the recanting witness's testimony," and that there were other witnesses who testified against petitioner and their testimony was supported by corroborating evidence. *People v. Poe*, No. 07-8509 - FH, p. 5 (50th Circuit Court, August 6, 2009).

Petitioner has failed to present any evidence to rebut the state trial court's factual findings that the recanting affidavit of Derrick Parks was not credible, so as to support petitioner's actual innocence claim or to entitle him to a new trial. Moreover, the state trial court's related legal conclusions in rejecting this suspect evidence were also legally sound.

In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact. *Id.* Freestanding claims of actual innocence are not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer*, 484 F. 3d 844, 854-55 (6th Cir. 2007)(collecting cases).

In addition, a long-delayed affidavit like Parks' which seeks to exonerate petitioner and shift the blame for the crime to another person is "treated with a fair degree of skepticism." *Herrera*, 506 U.S. at 423. Recanting affidavits and witnesses are

likewise viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991); *See also Byrd v. Collins*, 209 F. 3d 486, 508, n. 16 (6th Cir. 2000). Furthermore, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup v. Delo*, 513 U.S. 298, 332 (1995).

There are a number of problems with Parks' recantation. The affidavit does not offer any convincing explanation as to why Parks waited more than a year after trial to recant his trial testimony, particularly when he claims to have been forced under threat by the police and prosecution to provide perjured testimony. *See Lewis v. Smith*, 100 Fed. Appx. 351, 355 (6th Cir. 2004)(proper for district court to reject as suspicious a witness' recanting affidavit made two years after petitioner's trial); *Olson v. United States*, 989 F.2d 229, 231 (7th Cir. 1993)(recantation more than four years after trial testimony was dubious).

Secondly, Parks' affidavit does not relieve petitioner of criminal liability, even if it is to be believed. Petitioner was the target of the undercover drug sting. Petitioner's former girlfriend Melissa Leigh Beaudry testified, "I was Tommy's girl. I was with him all the time." She further testified that they repeatedly smoked crack cocaine in the hotel rooms and "whoever was buying cocaine" would frequent the rooms. For "a month and a half" individuals would "come in and buy cocaine," and then they would "make them leave." (Tr. 11/29/07 p.109). She further testified that there were "a lot of people buying cocaine." (*Id.* at 110-111). When asked where petitioner obtained the cocaine,

6

Beaudry testified, "from his nephew...Derek and Darren Parks." (*Id.* at 113). Under these facts, even if Parks recanted his testimony that he traveled between Toledo and Sault St. Marie to sell cocaine for petitioner, petitioner's former girlfriend testified to the same set of facts at trial. Petitioner could still have been found guilty of the underlying charges based on Beaudry's testimony. Parks' recantation is suspect in light of the fact that Beaudry's trial testimony that the petitioner was actively involved in a drug enterprise was consistent with other evidence and testimony presented in the case, while Parks' recantation was inconsistent with such evidence. *See e.g., Allen v. Woodford*, 395 F.3d 979, 994 (9th Cir.2005)(uncorroborated recantation is "even more unreliable" where trial testimony was consistent with other evidence and recantation was not). Petitioner is not entitled to habeas relief on his claim.

**B. Request to file supplemental petition to add other claims**.

In a letter request filed on August 20, 2013, petitioner has filed a letter request to hold the matter in abeyance, in which he actually asks to file a supplemental petition to add the other claims that he raised before the Michigan courts on direct and post-conviction review.

The Court will deny the motion to amend the petition for writ of habeas corpus, because it would be futile to permit petitioner to amend his petition to add these claims in light of the fact that these new claims are time-barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *See Wiedbrauk v. Lavigne*, 174 Fed. App'x 993, 1001-02 (6th Cir. 2006).

7

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub*, 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001).  The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In the present case, the Michigan Court of Appeals affirmed petitioner's conviction on his direct appeal on September 25, 2008.  Petitioner, however, never filed an application for leave to appeal to the Michigan Supreme Court.

If a petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires.

8

The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *See also Clay v. United States*, 537 U.S. 522, 527 (2003).  Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup.Ct. R. 13.

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. M.C.R. 7.302(C).  The expiration of the fifty-six days represents the expiration of the time for seeking direct review of petitioner's judgment of conviction, therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 132 S. Ct. at 653–54.  Because petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on November 20, 2008, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Brown v. McKee*, 232 F. Supp. 2d

9

761, 765 (E.D. Mich. 2002); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).

Petitioner filed his motion for relief from judgment with the Chippewa County Circuit Court on July 2, 2009, after 224 days had elapsed on the statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub*, 156 F. Supp. 2d at 836.  A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford*, 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan Supreme Court denied petitioner's motion for reconsideration of the denial of his application for leave to appeal the denial of his motion for relief from judgment on December 28, 2011. *Hudson v. Jones*, 35 F. Supp. 2d 986, 988-989 (E.D. Mich. 1999). Petitioner filed his original petition for writ of habeas corpus on March 27, 2012, after another ninety days had elapsed under the statute of limitations.  At this point, petitioner had an additional one hundred and forty one days, or until August 15, 2012, to file an amended habeas petition within the one year limitations period.  Petitioner's letter request to file an amended petition was not filed until over a year later on August 20, 2013.

When a habeas petitioner files an original petition within the one-year deadline, and later presents new claims in an amended petition that is filed after the deadline

10

passes, the new claims will relate back to the date of the original petition only if the new claims share a "common core of operative facts" with the original petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

None of the claims raised by petitioner on his direct appeal or in his post-conviction motion that he would wish to raise in an amended habeas petitions share a "common core of operative facts" with the recantation of evidence claim raised in his timely filed original habeas petition. Because none of petitioner's remaining claims raised in the amended petitions share a common core of operative facts with the claim raised in the original petition, these claims are barred by the one year limitations period. *See Pinchon v. Myers*, 615 F. 3d 631, 643 (6th Cir. 2010).

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger*, 239 Fed. Appx. 145, 147 (6th Cir. 2007). Although petitioner alleges that an attorney retained by his family filed his original habeas petition without including these additional claims, petitioner himself filed the original petition *pro se*, thus, petitioner cannot rely on the alleged ineffectiveness of post-conviction counsel to excuse his failure to include these additional claims in his original petition.

11

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013).  The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id*.  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup*, 513 U.S. at 329).  For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Parks' recanting affidavit is insufficient to establish petitioner's innocence, so as to toll the limitations period.  As mentioned above, recanting affidavits and witnesses are viewed with "extreme suspicion." *United States v. Chambers*, 944 F. 2d at 1264. Moreover, as the trial judge noted in rejecting petitioner's recantation claim on post-conviction review, because petitioner's conviction was supported by the testimony of additional witnesses, Parks' alleged recanting affidavit is insufficient to establish

12

petitioner's actual innocence, so as to toll the one year limitations period. *See e.g.*

*McCray v. Vasbinder*, 499 F. 3d 568, 575 (6th Cir. 2007).

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also

deny a certificate of appealability to petitioner.  In order to obtain a certificate of

appealability, a prisoner must make a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is

required to show that reasonable jurists could debate whether, or agree that, the petition

should have been resolved in a different manner, or that the issues presented were

adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473,

483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims

on the merits, the petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at

484.  Likewise, when a district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claims, a certificate of

appealability should issue, and an appeal of the district court's order may be taken, if the

petitioner shows that jurists of reason would find it debatable whether the petitioner

states a valid claim of the denial of a constitutional right, and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484.

When a plain procedural bar is present and the district court is correct to invoke it to

dispose of the case, a reasonable jurist could not conclude either that the district court

13

erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims.  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous.

## V.  Order

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal in *forma pauperis.*


s/John Corbett O'Meara
United States District Judge


Date:  September 22, 2014

14

   I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 22, 2014, using the ECF system and/or ordinary mail.

         s/William Barkholz
         Case Manager