UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS POE,

    Petitioner,                           Civil No. 5:12-CV-11390
                                              HONORABLE JOHN CORBETT O'MEARA
v.                                        UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

    Respondent.
_____/

**OPINION AND ORDER ON REMAND FROM THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT: (1) REOPENING CASE TO THE COURT'S ACTIVE DOCKET, (2) DENYING WITHOUT PREJUDICE THE MOTION FOR THE APPOINTMENT OF COUNSEL, AND (3) DIRECTING THE PARTIES TO FILE BRIEFS IN RESPONSE TO THE SIXTH CIRCUIT'S ORDER OF REMAND**

Thomas Poe, ("Petitioner"), presently confined at the Handlon Correctional Facility in Ionia, Michigan, sought the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied by this Court. *See Poe v. Rapelje*, No. 5:12-CV-11390, 2014 WL 4715460 (E.D. Mich. Sept. 22, 2014). This matter is on remand from the United States Court of Appeals for the Sixth Circuit for a determination of whether petitioner is entitled to equitable tolling of the one year limitations period, so as to permit him to supplement his original habeas petition with claims that were not included in that petition. *See Poe v. Rapelje,* No. 14-2485 (6th Cir. Oct. 30, 2015). Petitioner has also filed a motion for the appointment of counsel.

Federal courts have the power to order that a habeas petition be reinstated when

1

necessary to adjudicate further issues. *See e.g. Rodriguez v. Jones,* 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Because this case has been remanded by the Sixth Circuit to this Court for proceedings consistent with the Sixth Circuit's opinion, the Court orders that the Clerk of the Court reopen the case.

The Court denies the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas

action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

Petitioner has filed several pleadings in this case, both before this Court and the Sixth Circuit. Petitioner has the means and ability to present his own claims. The Court will reconsider the motion for the appointment of counsel if an evidentiary hearing is required or if petitioner's arguments merit further investigation.

The Court further orders the parties to file briefs in response to the Sixth Circuit's order of remand. In a letter request filed on August 20, 2013, petitioner filed a letter request to hold the matter in abeyance, in which he sought to file a supplemental petition to add the other claims that he raised before the Michigan courts on direct and post-conviction review. The Court denied the motion to amend the petition for writ of habeas corpus, because it would be futile to permit petitioner to amend his petition to add these claims in light of the fact that these new claims were time-barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Poe v. Rapelje*, 2014 WL 4715460, at *4-5. This Court also rejected petitioner's claim that he was entitled to equitable tolling:

> Although petitioner alleges that an attorney retained by his family filed his original habeas petition without including these additional claims, petitioner himself filed the original petition *pro se*, thus, petitioner cannot rely on the alleged ineffectiveness of post-conviction counsel to excuse his failure to include these additional claims in his original petition.
>
> *Poe v. Rapelje*, 2014 WL 4715460, at * 6.

The Sixth Circuit remanded this matter back to this Court for a determination of

3

whether petitioner is entitled to equitable tolling of the limitations period based on his post-conviction counsel's alleged failure to include these supplemental claims when counsel filed the original petition on petitioner's behalf. *See Poe v. Rapelje,* No. 14-2485, * 2, 5. As mentioned above, this Court rejected petitioner's equitable tolling argument because petitioner appeared to have filed the original habeas petition *pro se.* (See Petition filed at Dkt. # 1). It is unclear from this Court's record and original opinion and order why the Sixth Circuit believed that counsel had filed the original habeas petition on petitioner's behalf or why petitioner should be entitled to equitable tolling based on post-conviction counsel's failure to include these supplemental claims in the original petition when petitioner, in fact, appears to have filed the original petition on his own behalf. Additional briefing by the parties on this issue will assist the Court with a determination of whether petitioner should be entitled to equitable tolling of the limitations period so as to permit him to supplement his petition with these additional claims.

### Order

**IT IS ORDERED THAT:**

**(1)  The Clerk of the Court reopen the case to the Court's active docket.**

**(2) The motion for the appointment of counsel is DENIED WITHOUT PREJUDICE. (Dkt. # 14).**

**(3).  The parties shall file briefs responding to the equitable tolling issue. Petitioner shall file a brief within thirty days of the Court's order. Respondent shall file a responsive brief within thirty days of receiving petitioner's brief.  Petitioner shall have thirty days after the filing of respondent's brief to file a reply brief.**

>   s/John Corbett O'Meara
>   United States District Judge

Date:  December 9, 2015

     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 9, 2015, using the ECF system and/or ordinary mail.

>   s/William Barkholz
>   Case Manager