UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS POE,

    Petitioner,                     Civil No. 5:12-CV-11390
                                      HONORABLE JOHN CORBETT O'MEARA
v.                             UNITED STATES DISTRICT JUDGE

LLOYD RAPELJE,

    Respondent.
_____/

**OPINION AND ORDER ON REMAND FROM THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

Thomas Poe, ("Petitioner"), presently confined at the Handlon Correctional Facility in Ionia, Michigan, sought the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was denied by this Court. *See Poe v. Rapelje*, No. 5:12-CV-11390, 2014 WL 4715460 (E.D. Mich. Sept. 22, 2014). This matter is on remand from the United States Court of Appeals for the Sixth Circuit for a determination of whether petitioner is entitled to equitable tolling of the one year limitations period, so as to permit him to supplement his original habeas petition with claims that were not included in that petition. *See Poe v. Rapelje,* No. 14-2485 (6th Cir. Oct. 30, 2015). This Court ordered the parties to file briefs in response to the Sixth Circuit's order of remand.

On August 20, 2013, petitioner filed a letter request to hold the matter in abeyance,

1

in which he sought to file a supplemental petition to add the other claims that he raised before the Michigan courts on direct and post-conviction review. The Court denied the motion to amend the petition for a writ of habeas corpus, because it would have been futile to permit petitioner to amend his petition to add these claims in light of the fact that these new claims were time-barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *Poe v. Rapelje*, 2014 WL 4715460, at *4-5. This Court then rejected petitioner's claim that he was entitled to equitable tolling as follows:

> Although petitioner alleges that an attorney retained by his family filed his original habeas petition without including these additional claims, petitioner himself filed the original petition *pro se*, thus, petitioner cannot rely on the alleged ineffectiveness of post-conviction counsel to excuse his failure to include these additional claims in his original petition.

*Poe v. Rapelje*, 2014 WL 4715460, at * 6.

The Sixth Circuit remanded the matter back to this Court for a determination of whether petitioner is entitled to equitable tolling based on counsel's failure to include the supplemental claims when counsel filed the original petition on petitioner's behalf. *See Poe v. Rapelje,* No. 14-2485, * 2, 5. As mentioned above, this Court rejected petitioner's equitable tolling argument because petitioner appeared to have filed the original habeas petition.

Following entry denying habeas relief, petitioner appealed to the Sixth Circuit and supplemented the record with extensive documentation filed with the Attorney Grievance Commission which included the original complaint, answer, and investigation which substantiated that a disbarred attorney wrote, signed petitioner's name, and filed the

2

original habeas petition. Now before this Court is the determination as to whether petitioner is entitled to equitable tolling based on petitioner's claim that this disbarred attorney filed the original habeas petition without petitioner's knowledge, which did not contain the claims that petitioner sought to raise in his amended petition.

Petitioner submits that he hired counsel to draft and file a habeas petition on his behalf. A petition was filed on March 27, 2012 raising one issue and signed with petitioner's name. Petitioner states that he first learned of the filing when he received the State's Answer in October of 2012. On August 20, 2013, petitioner sent a letter to this Court notifying the Court of the investigation filed with the Attorney Grievance Commission and asking to hold his habeas petition in abeyance to add the additional claims.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

Although the original petition was filed within the one year limitation period,

3

petitioner alleges that counsel raised only one claim and failed to include his other claims. Petitioner was placed on notice that counsel did not raise the other claims when he received the Respondent's Answer sometime in October of 2012. The Attorney Grievance Commission acknowledged receipt of petitioner's complaint on June 25, 2013, eight months after petitioner had been placed on notice that the additional claims were not filed. On August 20, 2013, petitioner sent a letter to this Court indicating that a complaint had been filed with the Attorney Grievance Commission and requesting to hold his petition in abeyance to raise the additional claims. Petitioner notified the court of counsel's conduct and requested to amend his habeas petition 10 months following when petitioner was placed on notice that his additional claims were not contained in the original habeas petition.

Petitioner argues that the statute of limitations should be equitably tolled because counsel was ineffective. Ineffective assistance of counsel does not generally warrant the equitable tolling of the AEDPA's limitations period. *Beery v. Ault,* 312 F. 3d 948, 951 (8th Cir. 2002); *see also Brown v. Oklahoma,* 291 Fed. App'x. 907, 909 (10th Cir. 2008)(alleged ineffectiveness of trial counsel did not constitute extraordinary circumstances warranting equitable tolling of the one year limitations period for bringing a federal habeas corpus petition, absent demonstration that petitioner diligently pursued his federal claims). A habeas petitioner is not entitled to equitable tolling of the AEDPA's limitations period on the basis of an allegation of ineffective assistance of counsel, where these allegations have no bearing on the untimely filing of a habeas

petition. *See McLester v. Hopper,* 67 F. Supp. 2d 1308, 1310-1311 (M.D. Ala. 1999).

Assuming that attorney misconduct and delayed notification constitutes an extraordinary circumstance for petitioner, petitioner is not entitled to equitable tolling because he "acting with reasonable diligence, could have filed" his amended claims "on time notwithstanding the extraordinary circumstances." *See Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011). Petitioner waited approximately 10 months after receiving notification that his additional claims were not contained within the petition to request that the petition be held in abeyance to raise the additional claims. Petitioner was not diligent in pursuing his claims to warrant equitable tolling. *See Kendrick v. Rapelje*, 504 F. App'x 485, 486-87 (6th Cir. 2012)(While state prisoner was entitled to some equitable tolling of limitations period for filing federal habeas petition because of unprofessional conduct of his state postconviction counsel, which included failing to keep prisoner informed of status of his case, prisoner was not diligent in pursuing his case after Supreme Court issued its *Holland* opinion, which allegedly caused prisoner to realize that equitable tolling might allow him to file federal habeas petition; even if equitable tolling was applied during five-year period between dismissal of appeal from denial of state postconviction relief and issuance of *Holland* opinion, at conclusion of state postconviction proceedings prisoner had approximately two months remaining in statutory period, but five months elapsed between issuance of *Holland* opinion and filing of prisoner's petition, which reasserted some of the claims prisoner had raised in state court). Petitioner is not entitled to equitable tolling regarding the claims that he sought to

5

raise in his amended petition.

## IV. Conclusion

The Court denies the motion for equitable tolling. The Court again denies the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner's request to file an amended habeas petition is outside of the one year limitations period and that petitioner is not entitled to equitable tolling. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d

791, 798 (E.D. Mich. 2001).

## V.  ORDER

Petitioner's request to amend his habeas petition is **DENIED**.

The Court further **DENIES** the petition for writ of habeas corpus.

The Court further **DENIES** a certificate of appealability.

The Court further **DENIES** petitioner leave to appeal *in forma pauperis*.


                                                s/John Corbett O'Meara  
                                                United States District Judge

Date:  April 8, 2016


     I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 8, 2016, using the ECF system and/or ordinary mail.


                                                s/William Barkholz  
                                                Case Manager